UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FOYELL D. OWENS, : | |
| : | Civ. A. No. 11-6663 (NLH)(AMD) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| AMERICAN HARDWARE MUTUAL INS. : | |
| CO., et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

STEPHEN M. TATONETTI
DUBOIS, SHEEHAN, HAMILTON, & LEVIN
511 COOPER STREET
CAMDEN, NJ 08102

    On behalf of plaintiff

STEPHEN R DUMSER
SWARTZ CAMPELL, LLC
1300 ROUTE 73
BLOM COURT, SUITE 101
MT. LAUREL, NJ 08054

    On behalf of defendants

**HILLMAN**, District Judge

    This case concerns plaintiff's claims that the defendant insurance company is equitably estopped from denying his entitlement to Underinsured Motorist Insurance ("UIM") coverage. Presently before the Court is plaintiff's motion for summary judgment. For the reasons expressed below, plaintiff's motion will be denied without prejudice.

## **BACKGROUND & DISCUSSION**

While plaintiff, Foyell D. Owens, was employed by Delaware Valley Lift Truck, Inc. ("DVLT"), he was assigned a cargo van to drive to his job assignments repairing and adding accessories to forklifts.  In the mornings, he called DVLT from home in Mount Laurel, New Jersey for his job assignments for the day and drove the van to the job sites.  At the end of the work day, he would drive immediately home, or to DVLT in Bensalem, Pennsylvania, for supplies and then home.  On October 29, 2007, after driving the work van to his home, he took the work van out again around 5:00pm to pick up his daughter from school.  On route to her school, plaintiff was involved in an automobile accident caused by Imran Khan, who was driving a car owned by Mohammed Ali Hasan.  Plaintiff suffered serious bodily injuries, including to his lower back, which required him to undergo a lumbar laminectomy with installation of hardware in his spine.

On October 7, 2009, plaintiff filed suit against Khan in New Jersey Superior Court, Law Division, Burlington County.  The car Khan was driving was insured by Allstate Insurance Company with a policy providing $50,000 in liability coverage.  The DVLT work van was insured by defendant American Hardware Mutual Insurance Company, which provided $500,000 in Pennsylvania underinsured motorist coverage.  On March 4, 2010, plaintiff's counsel sent American Hardware a letter asking whether it would waive its

2

subrogation rights and permit plaintiff to accept Allstate's offer of the $50,000 policy limits to settle plaintiff's case against Khan. On March 24, 2010, American Hardware agreed, and plaintiff executed a release of liability for his claims against Khan in consideration of the $50,000 settlement.

According to plaintiff, his damages far exceeded $50,000. Plaintiff, however, claims that he accepted the $50,000 from Allstate in settlement of his case against Khan because American Hardware had previously confirmed in June 2009 that the DVLT van policy provided $500,000 in UIM benefits. After dismissing his case with prejudice against Khan, plaintiff then presented a claim with American Hardware for UIM benefits. To date, American Hardware has not administered plaintiff's UIM benefits claim.

Plaintiff filed the instant suit against American Hardware alleging that the UIM policy requires that his claim be arbitrated, but American Hardware has refused to go to arbitration.[1] Plaintiff alleges that American Hardware is equitably estopped from refusing to arbitrate his UIM claim because he settled his case against Khan, and accepted a fraction of his damages, based on the representation by American Hardware

---

[1] Plaintiff's complaint asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. As noted below, the complaint fails to properly allege jurisdiction.

that up to $500,000 was available to him through the UIM policy. Plaintiff has filed a motion for summary judgment seeking judgment in his favor on his claim that he is entitled to UIM coverage, and compelling American Hardware to arbitrate the amount of his claim.

American Hardware has opposed plaintiff's motion, arguing: (1) Pennsylvania law applies to the interpretation of the UIM policy; (2) the policy contains an exclusion to coverage for, "Anyone using a vehicle without a reasonable belief that the person is entitled to do so"; (3) when plaintiff was hired, he had signed a document acknowledging that the van was not to be used for personal use; (4) he was involved in the accident while using the van for a personal use; (5) the policy exclusion therefore applies; (6) it did not know about the implication of the non-permissive use exclusion when it informed plaintiff's counsel of the availability of UIM benefits; and (7) because plaintiff knew of the non-personal use, but American Hardware did not, at the time plaintiff relinquished his claims against Khan, plaintiff cannot claim that equity compels American Hardware to provide coverage under the UIM policy.[2]

In reply, plaintiff argues that American Hardware is

---

[2] American Hardware also contends that plaintiff has not been prejudiced by releasing his claims against Khan because both Khan and the vehicle owner, Alihasan, are judgment proof.

incorrect in its assumption that Pennsylvania law applies, and New Jersey law is controlling.  Plaintiff also contends that regardless of how the van was being used at the time of the accident, equitable estoppel principles still bar American Hardware from refusing to arbitrate his UIM claim.

The Court must deny plaintiff's motion at this time, for several reasons.  First, plaintiff has failed to provide a "statement of undisputed material facts" in separately numbered paragraphs as required by Local Rule 56.1(a).  The Rule expressly provides, "On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion.  A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. . . ."[3]

Although there is some semblance of compliance by the

---

[3] The version of the Local Rules as it appears on the Court's website also contains the sentence "Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law."  See http://www.njd.uscourts.gov/rules/completeRules.pdf (with revisions as June 22, 2012).  The comments to L. Civ. R. 56.1 also state that the statement of material facts, and opposition thereto, must be documents separate from the motion.  Even without the additional language found on the Court's website, the Rule is clear that the statement of uncontested material facts is a separate document submitted in support of the motion.

parties to the requirements of this rule, in the end it is lacking. First, although he submits an affidavit in support of his motion containing numbered paragraphs and citing to exhibits, Plaintiff's affidavit is not expressly denominated as a Rule 56.1 Statement of Material Facts Not in Dispute. More importantly, the affidavit contains extraneous matters not appropriate for a Rule 56.1 Statement, including factual denials couched as assumptions and legal argument. See Tatonetti Affidavit in Support of Motion, ¶ 12 ("Plaintiff denies that he was using the vehicle for a personal errand, but even if [he] was, the defendant is still estopped from denying coverage under the policy as set forth above.").

Defendant's opposition is no better. Although perhaps confused by Plaintiff's failure to denominate his affidavit as a Rule 56.1 Statement, Defendant makes no separate effort to either point out Plaintiff's failure to adhere to L. Civ. R. 56.1 or to comply with the Rule itself. As the Rule makes clear, the non-moving party must file its own Rule 56.1 statement. Id. ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts....").

Plaintiff's "Response" Brief compounds the problem by incorporating its factual response in its reply brief, itself improper, but by also injecting non-responsive answers more appropriate to responsive pleadings and discovery requests. See

6

Plaintiff's Response Brief at P. 1-2. ("Admitted nor denied: that moving party is left to its proofs").

The parties are reminded that Local Civil Rule 56.1 serves an important purpose both procedurally and substantively. It focuses the parties on the facts material to the dispute. It allows the court, with the help of the parties, to isolate those facts for the purpose of applying the appropriate legal standard or controlling precedents. Without compliance with the Rule, the Court is left to sift through often voluminous submissions in search of - sometimes in vain - the undisputed material facts. In short, if the parties do not provide the appropriate statements and respond forthrightly to their opponent's submissions, the process of summary judgment breaks down.[4] For that reason, the Rule provides that a motion that does not comply with the Rule "shall" be denied.

Second, the primary issue of whether Pennsylvania or New Jersey law applies to plaintiff's claims has not been fully briefed by the parties. In his moving papers, plaintiff applies

---

[4] For example, it serves no purpose in the context of a Rule 56 motion to argue, in essence: "we neither admit nor deny and leave the matter to our adversary's proofs." The whole point of a summary judgment motion, or the opposition to it, is to say, in essence: "here are my proofs, admit or deny them." The proper response to a procedurally correct Rule 56 motion is to file a counter statement that denies the fact is material, admits the material fact, or denies the material fact by counter proofs conforming to the rules of evidence.

7

New Jersey law, without any discussion as to its applicability. In opposition, defendant summarily applies Pennsylvania law, under the simple rule that "the law of the place of contracting governs the interpretation and enforcement of the contract." (Def. Br. at 7, citing Melville v. American Home Assurance Co., 584 F.2d 1306 (3d Cir. 1978) and State Farm Mut. Auto. Ins. Co. v. Simmons' Estate, 84 N.J. 28, 37 (1980).)  In reply, plaintiff supports his position that New Jersey law is controlling by arguing that the proper test to determine which law to apply is the "dominant and significant relationship standard," and that New Jersey has the most dominant and significant relationship to the matter.  (Pl. Reply at 3, citing Hertz Claim Management v. Marchetta, 281 N.J. Super. 190 (1995).)

As a federal court sitting in diversity jurisdiction, this Court must apply the law of the state in which it sits, including the choice of law rules of the forum state.  The Court must therefore look to New Jersey's choice of law rules to determine whether a New Jersey court would apply the law of New Jersey or Pennsylvania when interpreting this Pennsylvania insurance contract.  Aetna Sur. and Cas. Co. v. Sacchetti, 956 F. Supp. 1163, 1168 (D.N.J. 1996) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  Generally, in interpreting insurance contracts, New Jersey courts will apply "the law of the place of the contract . . . unless the dominant and significant

8

relationship of another state to the parties and the underlying issue dictates that this basic rule should yield." Sacchetti, 956 F. Supp. at 1168 (quoting State Farm Mutual Automobile Insur. Co. v. Simmons Estate, 84 N.J. 28, 417 A.2d 488, 493 (N.J. 1980)).

In his reply papers, plaintiff has addressed his view of why New Jersey law should apply by detailing New Jersey's relationship to the circumstances of this case. American Hardware did not do so in its opposition brief, and it was unable to do so in response to plaintiff's argument in his reply brief. Prior, however, to the Court addressing whether the principles of equitable estoppel compel American Hardware to arbitrate plaintiff's UIM claim, the Court must determine what law to apply to that analysis.

Consequently, plaintiff's motion for summary judgment will be denied without prejudice to plaintiff's right to re-file his motion. If he chooses to do so, he must comply with Local Civil Rule 56.1 by providing a separate statement of undisputed material facts. Plaintiff must also present his argument for the application of New Jersey law to his case.[5] American Hardware

---

[5] Plaintiff argues that because American Hardware did not file a cross-motion for summary judgment, the choice-of-law issue has not been properly brought before the Court for consideration. Although it is true that a court has no cause to *sua sponte* challenge the parties' choice of law when it is not in dispute, because American Hardware, through its opposition brief, revealed that it did not agree with plaintiff's application of New Jersey

9

will have the opportunity to argue why Pennsylvania law should apply. In addressing these issues, both sides should expressly address New Jersey's choice of law rules.[6] Only then may the

---

law, the Court cannot now ignore the question of which state's law to apply. See Schiavone Const. Co. v. Time, Inc., 735 F.2d 94, 96 (3d Cir. 1984) (citing Medico v. Time, Inc., 643 F.2d 134 (3d Cir.), cert. denied, 454 U.S. 836 (1981)).

6 Indeed, the issue of which state's law applies may be of critical importance here. One key issue is to what degree Plaintiff must show that his decision to settle the case against Kahn was to his financial detriment. Ordinarily, a party asserting estoppel must show that his reliance on the statements or actions of others caused him harm. As defendant points out, as a matter of Pennsylvania law, that principle appears to remain intact in the context of UIM coverage. See, e.g., Nationwide Mutual Fire Ins. Co. v. Salkin, 163 F. Supp. 2d 512, 517-18 (E.D. Pa. 2001)(no reliance where no evidence plaintiff could have recovered more from tortfeasor). New Jersey law may be more expansive. On its face, the leading New Jersey case, Boritz v. New Jersey Manufactures Insurance Company, 406 N.J. Super 640 (App. Div. 2009) could be read to allow a plaintiff to establish reliance by merely showing either a) the expectancy of receipt of UIM benefits or b) forgoing the opportunity to pursue a recovery from the tortfeasor in excess of the settlement offer "that loss of opportunity itself constitut[ing] prejudice." Id. at 649. That begs the question of whether "opportunity" necessarily includes any realistic chance of recovery. In any renewed motions for summary judgment, the parties should expressly address, assuming the application of New Jersey law, whether Boritz modifies the common law of estoppel in the context of Longworth notice to relieve the plaintiff of showing some expectation that he could have recovered damages from Kahn's personal assets. If that issue remains in the case, either because Pennsylvania law applies, or because Boritz can not be read so broadly, then Plaintiff should be prepared to address, as factual matter, the issue of whether any recovery from Kahn's assets was possible. Although Defendant raised that issue in his opposition papers, Plaintiff does not squarely address it. A related issue is Defendant's argument that Boritz is distinguishable because estoppel in that case turned on the defendant insurance company's failure to recognize that its own policy had a step-down provision. Id. at 651 ("a carrier is, or should be, aware of its coverage limits"). Here, defendant

10

Court consider the choice of law issue and address plaintiff's motion for summary judgment in substance.

An appropriate Order will be entered.

Date December 31, 2012                s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

argues with some force that as matter of equity it was plaintiff who knew and did not disclose to the defendant a material fact – namely that he had signed an acknowledgment that the vehicle was not for personal use.  In any renewed motion, Plaintiff should address whether this fact precludes his reliance on the rule set forth in Boritz, an issue raised by Defendant in its opposition and not addressed in Plaintiff's reply.  As noted, these issues should be addressed through a careful and thorough use of L. Civ. R. 56.1 statements identifying those material issues not in dispute (e.g., if material, whether Plaintiff was in fact on a personal errand at the time of the accident precluding coverage).